UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| STEPHANIE AMANDA SCHURMAN,<br><br>Plaintiff,<br><br>vs.<br><br>STEVEN LUKE; MARTY JACKLEY, SD ATTORNEY GENERAL,<br><br>Defendants. | 4:24-CV-04144-RAL<br><br>OPINION AND ORDER DISMISSING 28 U.S.C. § 2241 PETITION |

Stephanie Amanda Schurman, a pretrial detainee in a state court criminal case, commenced this pro se action on July 31, 2024. Doc. 1. Although Schurman completed a court-provided petition for writ of habeas corpus under 28 U.S.C. § 2241 form, the action was docketed as a pro se prisoner civil rights complaint pursuant to 42 U.S.C. § 1983 because Schurman requested that this Court issue an injunction against the Yankton County Police Department banning the use of urinalysis in jail without giving Miranda warnings or allowing suspects a chance to consult counsel; issue an injunction directing South Dakota state courts and a state court prosecutor to treat her concerns "equally" although she is appearing pro se; issue an injunction regulating Yankton County grand jury proceedings; and declare that the South Dakota Supreme Court's alleged abuse of their publicly appointed office warrants a waiver of sovereign immunity. Doc. 1-1 at 8–10. Schurman objected to this Court deeming her action to be a § 1983 claim and contended that the action must be docketed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 because she completed and submitted a court-provided § 2241 form. Doc. 3. In response to

Schurman's demand that this action be docketed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, this Court ordered Schurman to file an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 that does not include any requests for injunctive or declaratory relief that are beyond the scope of a habeas proceeding if she intends to seek a writ of habeas corpus pursuant to § 2241. Doc. 6 at 2–3.

Schurman filed a second pleading she labels as a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 7. In this petition, Schurman requests the following relief:

*1) Remand to Yankton County First Judicial Circuit, Dismissing 66CR 24-305 with prejudice due to the stated Constitutional violations affecting jurisdiction to further prosecute so as to enforce and protect petitioner's right to EQUAL PROTECTION OF THE LAW and her RIGHT TO PRO-SE SELF-REPRESENTATION.

*2) HABEAS CORPUS RELIEF IN FINDING that the Yankton County Police Department did in fact charge petitioner contempt when she attempted to exercise her right against self incrimination, in refusing a U.A. despite the issued warrant. A FINDING THAT NO MIRANDA WARNINGS must have been given considering the charge of contempt, and a CONCLUSION BY THIS HONORABLE COURT THAT THIS PRACTICE IS CONTRARY to the protections guaranteed by the U.S. CONSTITUTION.

*3) Habeas Corpus FINDING OF FACT that the SD SUPREME COURT and Circuit Court have violated petitioner's right to PRO-SE SELF REPRESENTATION, Equal Protection, and to have Access to their Courts for Redress, along with a conclusion that this is contrary to Constitutional Law. (Please see included Warning Letter from the SD Supreme Court) This Access to the Courts violation is likely to persist, considering the Warning Letter AND the SD Attorney General's stern and reluctant denial that her access to the Courts has been violated, this is why these findings of fact and conclusions of Constitutional law ARE ESSENTIAL.

*4) A HABEAS CORPUS Finding of Fact that the lower-court Deputy State's Attorney Tyler Larsen did not provide the Grand Jury Transcripts upon request, nor in a reasonable amount of time as required by Constitutional Law. Also, a conclusion that the petitioner has the absolute right to right to those as she represents herself Pro-Se, otherwise she would have no other means to verify that she was indeed legally indicted by Grand Jury on the alleged charges.

> *5) A HABEAS CORPUS FINDING THAT THE CURRENT PRACTICES USED IN CHARGING DEFENDANT WITH UNFOUNDED POSSESSION OF CONTROLLED SUBSTANCE CHARGES AND A REVIEW OF THE GRAND JURY TRANSCRIPTS – Constitute FALSIFICATION OF EVIDENCE. . . . AND Constitutional Right Against Self-incrimination.
>
> *6) Please refer to the "Warning Order" issued by the South Dakota Supreme Court alleging "repetetive [sic], duplicate petitions, raising the same issues."
>
> . . .
>
> I would contend that the entire "Warning Order" from the South Dakota Supreme Court is merely an attempt to escape liability for the way they have treated me.
>
> Regarding this, I am asking that this Honorable Court Find that the actions of the Supreme Court of South Dakota, were intentional, knowing, in egregious disregard for my rights, malicious, and warrant a waiver of sovereign immunity for all government officials involved. Please then Find & conclude¹ that their actions constitute an ABUSE OF THEIR PUBLICALLY APPOINTED OFFICE.

Id. at 18–21 (capitalization in original).

This Court is to "forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled" to relief. 28 U.S.C. § 2243. Thus, this Court must screen Schurman's petition and dismiss the petition if it "plainly appears from the petition . . . that the petitioner is not entitled to relief in the district court[.]" Rule 4 of the Rules Governing Section 2254 Cases; see Rule 1(b) of Rules Governing Section 2254 Cases (extending the screening rule to petitions filed under § 2241).

---

¹ Schurman struck through "declare," which was her request for relief in her original pleading, see Doc. 1-1 at 10, and inserted "Find & conclude" in her purported § 2241 petition, Doc. 7 at 12.

3

That Schurman has labeled this action as a petition for writ of habeas corpus is not controlling. Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam) (stating that when determining whether a filing is a habeas action or a § 1983 claim, the "prisoner's label cannot be controlling"). Rather, the court must look at the substance of the relief that has been sought. Id. "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). "[W]hen a prisoner's claim would not 'necessarily spell speedier release,' that claim does not lie at 'the core of habeas corpus,' and may be brought, if at all, under § 1983." Skinner v. Switzer, 562 U.S. 521, 535 n.13 (2011) (quoting Wilkinson v. Dotson, 544 U.S. 74, 82 (2005)).

Here, Schurman's requests for "habeas corpus findings" are simply restated requests for injunctive and declarative relief this Court has already informed Schurman she may not seek in a habeas proceeding. See Doc. 6 at 2–3. Thus, from a reading of Schurman's petition, Doc. 7, this Court can determine with confidence that it "plainly appears" that Schurman is not entitled to the relief she seeks in paragraphs *2–*6 in this habeas proceeding.[2]

In accordance with 28 U.S.C. § 2241(c)(3), this Court has authority to issue a writ of habeas corpus if a prisoner "is in custody in violation of the Constitution or law or treaties of the United States." Section 2241 has been recognized as a potential source of habeas review for state pretrial detainees, such as Schurman. Palmer v. Clarke, 961 F.2d 771, 774 (8th Cir. 1992). But a state pretrial detainee must exhaust her available remedies before a federal court will review the claims

---

[2] This Court makes no determination whether Schurman would be entitled to the relief she seeks in paragraphs *2–*6 if she were to seek such relief under 42 U.S.C. § 1983. Further, because Schurman previously objected to the characterization of this habeas petition as a pro se civil rights complaint, see Doc. 3, the Court is dismissing this action instead of granting Schurman leave to request that the action be converted to a § 1983 civil rights action.

4

of a state pretrial detainee under § 2241. See, e.g., Moore v. United States, 875 F. Supp. 620, 622 (D. Neb. 1994). A federal court is obligated to "abstain from the exercise of [habeas] jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." Id. (quoting Dickerson v. Louisiana, 816 F.2d 220, 225 (5th Cir. 1987)). In this case, Schurman requests that pending state criminal charges against her be dismissed with prejudice due to alleged Constitutional violations. See Doc. 7 at 18. Thus, because Schurman's claims, if successful, would be dispositive of the pending state criminal charges, the claims may be exhausted only by presentment in a state court criminal trial. Moore, 875 F. Supp. at 622. "The practical effect of this exhaustion requirement is that habeas review of dispositive claims is not attainable prior to the state trial." Id. Thus, to the extent Schurman requests that this Court order her release from state custody and order dismissal of the pending state court criminal charges, Schurman has not exhausted her available state remedies nor demonstrated "special circumstances" that would be a basis for reviewing her claims prior to trial. See Braden v. 30th Jud. Cir. Ct., 410 U.S. 484, 489 (1973) ("federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court"). For this reason, Schurman's § 2241 petition must be dismissed.

Accordingly, it is hereby

ORDERED that Schurman's § 2241 petition, Docs. 1, 7, is dismissed without prejudice to filing an action under 42 U.S.C. § 1983. It is further

ORDERED that the Clerk of Court shall mail or email a copy of the petition, Docs. 1, 7, this Opinion and Order, and the accompanying judgment to Respondents, as well as mail a copy

of this Opinion and Order and the corresponding judgment to Schurman.

DATED this 23rd day of October, 2024.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE

6